

## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-18-00408-CV
_____

IN THE INTEREST OF J.D., JR., A CHILD

On Appeal from the County Court at Law  Number 1
Randall County, Texas
Trial Court No. 72,943-L1; Honorable Jack Graham, Presiding

April 15, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, J.D., Sr. appeals the trial court's order terminating his parental rights to his child, J.D., Jr.[1]  In presenting this appeal, appointed counsel has filed an *Anders*[2] brief in support of a motion to withdraw.  We affirm.

---

[1] To protect the privacy of the parties, we refer to them by their initials.  *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2018).  *See also* TEX. R. APP. P. 9.8(b).  The mother's rights were also terminated in this proceeding, but she did not appeal.

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

BACKGROUND

J.D., Jr. was born February 23, 2016. In September 2017, law enforcement officers were called to the residence where he was living with his mother, M.C. When they arrived, M.C. complained that she was being choked by J.D., Sr. During the incident, J.D., Jr. was in her arms. In the parents' three-year relationship, domestic violence was a recurring event in the home.

In November 2017, officers were again called to the residence on a domestic violence complaint involving J.D., Sr. Relying on help from a friend, M.C. escaped from the residence with J.D., Jr. before the police arrived. Once they were away from the residence, M.C. asked her friend to stop and pull over. When she refused, M.C. threatened her with a tire iron. The friend complied with M.C.'s demand and pulled over. M.C. then removed J.D., Jr. from the car and ran down the street where she was apprehended by law enforcement officers. She was arrested for child endangerment, evading arrest, and possession of marijuana. Shortly thereafter, the Texas Department of Family and Protective Services filed its *Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship*. Based upon that petition, the child was removed from his parents and placed in foster care. At the time of his removal, J.D., Jr. tested positive for marijuana and cocaine.

The Department's evidence at the final hearing established that J.D., Sr. was uncooperative throughout the termination proceedings. He was ordered four times by the court to submit to drug tests and was a "no show" for all four tests. He was given a plan of service—compliance of which was incorporated into a court order. In April 2018, J.D., Sr. tested positive for methamphetamine, marijuana, and amphetamine. Although he did

complete parenting classes, he failed to complete six sessions of counseling and quit because he was tired of hearing that marijuana was illegal. He also failed to (1) report regularly to the Department, (2) attend a batterer's intervention and prevention program, (3) complete a drug/alcohol assessment, (4) provide proof of stable employment, or (5) establish a safe environment for the child. He left the state for an extended period and only visited J.D., Jr. once during the entire proceedings.

The Department's evidence further established that J.D., Jr. had bonded with his foster family and all his needs were being suitably met. In addition, his foster family expressed an intent to adopt J.D., Jr. if the trial court terminated the parental rights of his mother and father.

Based upon the evidence that J.D., Sr. had no contact with J.D., Jr. for at least seven months; the Department had made reasonable efforts to return his child to him; he did not regularly visit or maintain significant contact with the child; and he failed to demonstrate any ability to provide the child with a safe environment, the trial court found by clear and convincing evidence that J.D., Sr. had constructively abandoned J.D., Jr. while he was in the Department's care. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(N) (West Supp. 2018).[3]

In addition, the trial court found by clear and convincing evidence that J.D., Sr. failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of his child who had been under the

---

[3] All further references to "§" or to "section" are to the current edition of the Texas Family Code unless otherwise designated.

Department's supervision for a period in excess of nine months as a result of the child's removal for neglect or abuse. § 161.001(b)(1)(O).

The trial court also found that returning the child to J.D., Sr.'s care was not in the child's best interest due to his father's continued absence, ongoing drug use, and disinterest in taking steps or following a plan to mitigate the circumstances that necessitated his removal. *See* § 161.001(b)(1)(N), (O). Accordingly, the trial court issued its order of termination finding by clear and convincing evidence that termination was proper under section 161.001(b)(1)(N) and (O) and it was in the child's best interest. *See* § 161.001(b)(2). This appeal followed.

APPLICABLE LAW

The Texas Family Code permits a court to terminate the parent-child relationship if the Department establishes one or more acts or omissions enumerated under section 161.001(b)(1) and termination of that relationship is in the child's best interest. See § 161.001(b)(1), (2). *See also Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976). The burden of proof is clear and convincing evidence. § 161.206(a). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." § 101.007 (West 2014).

Only one statutory ground is needed to support termination though the trial court must also find that termination is in a child's best interest. *In re K.C.B.*, 280 S.W.3d 888, 894-95 (Tex. App.—Amarillo 2009, pet. denied). In reviewing a termination proceeding, the standard for sufficiency of evidence is that discussed in *In re K.M.L.*, 443 S.W.3d 101,

4

112-13 (Tex. 2014).  In reviewing a best interest finding, appellate courts consider, among other evidence, the factors set forth in *Holley*, 544 S.W.2d at 371-72.

### ANDERS V. CALIFORNIA

The procedures set forth in *Anders v. California*, pertaining to a non-meritorious appeal of a criminal conviction, are applicable to the appeal of an order terminating parental rights.  *See In re A.W.T.*, 61 S.W.3d 87, 88 (Tex. App.—Amarillo 2001, no pet.). The brief filed in this appeal meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for reversal of the trial court's termination order.

In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record, and in her opinion, the record reflects no potentially plausible basis to support an appeal.  *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998).  Counsel complied with the requirements of *Anders* by (1) providing a copy of the brief to J.D., Sr. and (2) notifying him of his right to file a *pro se* response if he desired to do so.  *Id.*  By letter, this court also granted J.D., Sr. an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined.  He did not file a response. The Department notified this court it would not file a response to the *Anders* brief unless specifically requested to do so.  No such request was made.

### ANALYSIS

As in a criminal case, we too have independently examined the entire record to determine whether there are any non-frivolous issues that might support the appeal.  *See Penson v. Ohio*, 488 U.S. 75, 82-83, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Stafford*

*v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Based on this record, we conclude that a reasonable fact finder could have formed a firm belief or conviction that grounds for termination existed and that termination of J.D., Sr.'s parental rights was in the child's best interest. *See* § 161.001(b)(1)(N), (O), (2). *See also Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969); *In re K.C.B.,* 280 S.W.3d at 894-95. Having reviewed the entire record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal.

CONCLUSION

We affirm the trial court's order terminating J.D., Sr.'s parental rights.[4]

Patrick A. Pirtle
Justice

---

[4] An *Anders* motion to withdraw filed in the court of appeals, in the absence of additional grounds for withdrawal, may be premature. *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Courts have a duty to see that withdrawal of counsel will not result in prejudice to the client. *Id.* In light of *In re P.M.*, we call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review in the Texas Supreme Court. Counsel has filed a motion to withdraw on which we take no action.